**CASE NOS. 24-8046; 24-8047**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT**

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al., | |
| Plaintiffs-Respondents, | Civil Action No. 24-4037 |
| v. | |
| WE INFORM, LLC., et al., | |
| Defendants-Petitioners. | |
| ATLAS DATA PRIVACY CORPORATION, et al., | |
| Plaintiffs-Respondents, | Civil Action No. 24-4041 |
| v. | |
| INFOMATICS, LLC, et al., | |
| Defendants-Petitioners. | |
| ATLAS DATA PRIVACY CORPORATION, et al., | |
| Plaintiffs-Respondents, | Civil Action No. 24-4045 |
| v. | |
| THE PEOPLE SEARCHERS, LLC, et al., | |
| Defendants-Petitioners. | |

ATLAS DATA PRIVACY
CORPORATION, et al.,

        Plaintiffs-Respondents,

v.

DM GROUP. INC., et al.,

        Defendants-Petitioners.

Civil Action No. 24-4075

ATLAS DATA PRIVACY
CORPORATION, et al.,

        Plaintiffs-Respondents,

v.

DELUXE CORPORATION, et al.,

        Defendants-Petitioners.

Civil Action No. 24-4080

ATLAS DATA PRIVACY
CORPORATION, et al.,

        Plaintiffs-Respondents,

v.

QUANTARIUM ALLIANCE, LLC, et al.,

        Defendants-Petitioners.

Civil Action No. 24-4098

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al., | |
| Plaintiffs-Respondents, | Civil Action No. 24-4103 |
| v. | |
| YARDI SYSTEMS, INC., et al., | |
| Defendants-Petitioners. | |
| ATLAS DATA PRIVACY CORPORATION, et al., | |
| Plaintiffs-Respondents, | Civil Action No. 24-4141 |
| v. | |
| DIGITAL SAFETY PRODUCTS, LLC, et al., | |
| Defendants-Petitioners. | |
| ATLAS DATA PRIVACY CORPORATION, et al., | |
| Plaintiffs-Respondents, | Civil Action No. 24-4143 |
| v. | |
| CIVIL DATA RESEARCH | |
| Defendants-Petitioners. | |

ATLAS DATA PRIVACY
CORPORATION, et al.,

      Plaintiffs-Respondents,

v.

SCALABLE COMMERCE, LLC, et al.,

      Defendants-Petitioners.

Civil Action No. 24-4160

ATLAS DATA PRIVACY
CORPORATION, et al.,

      Plaintiffs-Respondents,

v.

LABELS & LISTS, INC.

      Defendants-Petitioners.

Civil Action No. 24-4174

ATLAS DATA PRIVACY
CORPORATION, et al.,

      Plaintiffs-Respondents,

v.

INNOVIS DATA SOLUTIONS INC., et al.,

      Defendants-Petitioners.

Civil Action No. 24-4176

ATLAS DATA PRIVACY
CORPORATION, et al.,

       Plaintiffs-Respondents,

v.

ACCURATE APPEND, INC., et al.

       Defendants-Petitioners.

Civil Action No. 24-4178

---

ATLAS DATA PRIVACY
CORPORATION, et al.,

       Plaintiffs-Respondents,

v.

ZILLOW, INC., et al.,

       Defendants-Petitioners.

Civil Action No. 24-4256

---

ATLAS DATA PRIVACY
CORPORATION, et al.,

       Plaintiffs-Respondents,

v.

EQUIMINE, INC., et al.,

       Defendants-Petitioners.

Civil Action No. 24-4261

ATLAS DATA PRIVACY
CORPORATION, et al.,

       Plaintiffs-Respondents,

v.

MELISSA DATA CORP., et al.,

       Defendants-Petitioners.

Civil Action No. 24-4292

---

ATLAS DATA PRIVACY
CORPORATION, et al.,

       Plaintiffs-Respondents,

v.

RESTORATION OF AMERICA, et al.,

       Defendants-Petitioners.

Civil Action No. 24-4324

---

ATLAS DATA PRIVACY
CORPORATION, et al.,

       Plaintiffs-Respondents,

v.

i360, LLC, et al.,

       Defendants-Petitioners.

Civil Action No. 24-4345

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al., | |
| Plaintiffs-Respondents, | |
| v. | Civil Action No. 24-4380 |
| GOHUNT, LLC, et al., | |
| Defendants-Petitioners. | |
| ATLAS DATA PRIVACY CORPORATION, et al., | |
| Plaintiffs-Respondents, | |
| v. | Civil Action No. 24-4383 |
| ACCUZIP, INC., et al., | |
| Defendants-Petitioners. | |
| ATLAS DATA PRIVACY CORPORATION, et al., | |
| Plaintiffs-Respondents, | |
| v. | Civil Action No. 24-4385 |
| SYNAPTIX TECHNOLOGY, LLC, et al., | |
| Defendants-Petitioners. | |

ATLAS DATA PRIVACY
CORPORATION, et al.,

       Plaintiffs-Respondents,

v.

JOY ROCKWELL ENTERPRISES, INC., et
al.,

       Defendants-Petitioners.

Civil Action No. 24-4389

ATLAS DATA PRIVACY
CORPORATION, et al.,

       Plaintiffs-Respondents,

v.

FORTNOFF FINANCIAL, LLC, et al.,

       Defendants-Petitioners.

Civil Action No. 24-4390

ATLAS DATA PRIVACY
CORPORATION, et al.,

       Plaintiffs-Respondents,

v.

MYHERITAGE, LTD., et al.,

       Defendants-Petitioners.

Civil Action No. 24-4392

ATLAS DATA PRIVACY
CORPORATION, et al.,

      Plaintiffs-Respondents,

v.

E-MERGES.COM, INC.

      Defendants-Petitioners.

Civil Action No. 24-4434

---

ATLAS DATA PRIVACY
CORPORATION, et al.,

      Plaintiffs-Respondents,

v.

NUWBER, INC., et al.,

      Defendants-Petitioners.

Civil Action No. 24-4609

---

ATLAS DATA PRIVACY
CORPORATION, et al.,

      Plaintiffs-Respondents,

v.

ROCKETREACH LLC, et al.,

      Defendants-Petitioners.

Civil Action No. 24-4664

ATLAS DATA PRIVACY
CORPORATION, et al.,

        Plaintiffs-Respondents,

v.

BELLES CAMP COMMUNICATIONS,
INC., et al.,

        Defendants-Petitioners.

Civil Action No. 24-4949

---

ATLAS DATA PRIVACY
CORPORATION, et al.,

        Plaintiffs-Respondents,

v.

PROPERTYRADAR, INC., et al.,

        Defendants-Petitioners.

Civil Action No. 24-5600

---

ATLAS DATA PRIVACY CORPORATION,
et al.,

        Plaintiffs-Respondents,

v.

THE ALESCO GROUP, L.L.C.

        Defendants-Petitioners.

Civ. Action No. 24-5656

ATLAS DATA PRIVACY CORPORATION, et al.,

       Plaintiffs-Respondents,

v.

SEARCHBUG, INC.

       Defendants-Petitioners.

Civ. Action No. 24-5658

---

ATLAS DATA PRIVACY CORPORATION, et al.,

       Plaintiffs-Respondents,

v.

AMERILIST, INC., et al.,

       Defendants-Petitioners.

Civ. Action No. 24-5775

---

ATLAS DATA PRIVACY CORPORATION, et al.,

       Plaintiffs-Respondents,

v.

US DATA CORPORATION, et al.,

       Defendants-Petitioners.

Civ. Action No. 24-7324

ATLAS DATA PRIVACY CORPORATION, et al.,

         Plaintiffs-Respondents,

v.

SMARTY, LLC, et al.,

         Defendants-Petitioners.

Civ. Action No. 24-8075

---

ATLAS DATA PRIVACY CORPORATION, et al.,

         Plaintiffs-Respondents,

v.

COMPACT INFORMATION SYSTEMS, LLC, et al.,

         Defendants-Petitioners.

Civ. Action No. 24-8451

---

ATLAS DATA PRIVACY CORPORATION, et al.,

         Plaintiffs-Respondents,

v.

DARKOWL, LLC, et al.,

         Defendants-Petitioners.

Civ. Action No. 24-10600

---

ATLAS DATA PRIVACY CORPORATION, et al.,

         Plaintiffs-Respondents,

v.

THOMSON REUTERS CORPORATION, et al.,

         Defendants-Petitioners.

Civ. Action No. 24-04269

ATLAS DATA PRIVACY CORPORATION,
et al.,

       Plaintiffs-Respondents,

v.

DELVEPOINT, LLC, et al.,

       Defendants-Petitioners.

Civ. Action No. 24-04096

On Appeal from the United States District Court For the
District of New Jersey, Camden Division
The Honorable Harvey Bartle III

District Court Nos. 1:24-cv-04037(HB); 1:24-cv-04041(HB); 1:24-cv-
04045(HB); 1:24-cv-04075(HB); 1:24-cv-04080(HB); 1:24-cv-04098(HB);
1:24-cv-04103(HB); 1:24-cv-04141(HB); 1:24-cv-04143(HB);
1:24-cv-04160(HB); 1:24-cv-04174(HB);
1:24-cv-04176(HB); 1:24-cv-04178(HB); 1:24-cv-04256(HB);
1:24-cv-04261(HB); 1:24-cv-04292(HB); 1:24-cv-04324(HB);
1:24-cv-04345(HB); 1:24-cv-04380(HB); 1:24-cv-04383(HB);
1:24-cv-04385(HB); 1:24-cv-04389(HB); 1:24-cv-04390(HB);
1:24-cv-04392(HB); 1:24-cv-04434(HB); 1:24-cv-04609(HB);
1:24-cv-04664(HB); 1:24-cv-04949(HB); 1:24-cv-05600(HB);
1:24-cv-05656(HB); 1:24-cv-05658(HB); 1:24-cv-05775(HB);
1:24-cv-07324(HB); 1:24-cv-08075(HB); 1:24-cv-08451(HB);
1:24-cv-10600(HB); 1:24-04269 (HB); and 24-04096(HB)

**PLAINTIFFS-RESPONDENTS' ANSWER TO
JOINT PETITION FOR LEAVE TO FILE APPEAL
UNDER 28 U.S.C. § 1292(b)**

## <u>CORPORATE DISCLOSURE STATEMENT</u>

Pursuant to Federal Rule of Appellate Procedure 26.1, Plaintiff-Respondent Atlas Data Privacy Corporation hereby states that it does not have any parent companies and no publicly held corporation owns 10% or more of such company's stock.

# <u>TABLE OF CONTENTS</u>

Page

INTRODUCTION ..................................................................................1

BACKGROUND ...................................................................................2

STANDARD OF REVIEW ....................................................................5

ARGUMENT ........................................................................................6

     I.     Interlocutory Review of the Joint Petition May Be Unwarranted ........6

        A. The First Amendment Question Posed by the Joint Petition Is
           Neither Controlling Nor Open to Differences of Opinion ..............6

        B. There May Be No Need for Interlocutory Review of the District
           Court's Interpretation of the Standard of Liability under Daniel's
           Law.................................................................................................12

        C. Interlocutory Review Would Not Materially Advance these
           Cases..............................................................................................14

     II.    Delvepoint's Petition Does Not Merit Interlocutory Review .............17

     III.   The Court Should Adopt An Expedited Briefing and Argument
         Schedule If Interlocutory Review Is Granted.....................................18

CONCLUSION....................................................................................19

CERTIFICATE OF COMPLIANCE.....................................................21

CERTIFICATE OF SERVICE .............................................................22

# <u>TABLE OF AUTHORITIES</u>

**Cases** **Page(s)**

*Abney v. United States*,
   431 U.S. 651 (1977)............................................................15

*Adams v. Cuyler*,
   592 F.2d 720 (3d Cir. 1979) ...............................................13

*Anderson v. Suiters*,
   499 F.3d 1228 (10th Cir. 2007) ............................................4

*Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*,
   398 U.S. 509 (1970)............................................................16

*Atlas Data Privacy Corp., v. Information.com LLC*,
   No. MRSL-000245-24 (N.J. Super. Ct. Law Div.), .................. 14, 19

*Bachowski v. Usery*,
   545 F.2d 363 (3d Cir. 1976) .................................................6

*Bisbee v. John C. Conover Agency, Inc.*,
   452 A.2d 689 (N.J. 1982) ...................................................13

*Boring v. Google Inc.*,
   362 F. App'x 273 (3d Cir. 2010) .........................................17

*Bowley v. City of Uniontown Police Dep't*,
   404 F.3d 787 (3d Cir. 2005) ............................... 3, 4, 7, 8

*Brayshaw v. City of Tallahassee*,
   709 F.Supp.2d 1244 (N.D. Fla. 2010) .................................10

*Campbell v. Seabury Press*,
   614 F.2d 395 (5th Cir. 1980) ................................................4

*Couch v. Telescope Inc.*,
   611 F.3d 629 (9th Cir. 2010) ................................................9

*Davis v. Fein Such Kahn & Shepard PC*,
   2020 WL 3481782 (D.N.J. June 25, 2020)...........................18

ii

*Demarest v. Athol/Orange Community Television, Inc.*,
  188 F. Supp. 2d 82 (D. Mass. 2002) ........................................................4

*Dewey v. R.J. Reynolds Tobacco Co.*,
  577 A.2d 1239 (N.J. 1990) ...............................................................16

*Doe v. Netflix, Inc.*,
  2023 WL 3848379 (S.D. Ind. June 6, 2023) .........................................4

*Dun & Bradstreet, Inc. v. Greenmoss*,
  472 U.S. 749 (1985) .........................................................................11

*Erie R.R. Co. v. Tompkins*,
  304 U.S. 64 (1938) ...........................................................................13

*Evans v. Thompson*,
  518 F.3d 1 (1st Cir. 2008) ................................................................16

*Evans-Aristocrat Indus., Inc. v. Newark*,
  75 N.J. 84 (1977) .............................................................................12

*Florida Star v. B.J.F.*,
  491 U.S. 524 (1989) ................................................................. passim

*G.D. v. Kenny*,
  15 A.3d 300 (N.J. 2011) ..................................................................12

*Gilbert v. Med. Econ. Co.*,
  665 F.2d 305 (10th Cir. 1981) ............................................................4

*Harter v. GAF Corp.*,
  150 F.R.D. 502 (D.N.J.1993) ..............................................................9

*Health Net, Inc. v. Wooley*,
  534 F.3d 487 (5th Cir. 2008) ............................................................16

*Henry v. Lake Charles Am. Press, LLC*,
  566 F.3d 164 (5th Cir.2009) .............................................................15

*Hulmes v. Honda Motor Co., Ltd.*,
  936 F.Supp. 195 (D.N.J. 1996) .........................................................13

*Katz v. Carte Blanche Corp.*,
  496 F.2d 747 (3d Cir. 1974) ...............................................................7

*Kratovil v. City of New Brunswick*,
  2024 WL 1826867 (N.J. App. Div. Apr. 26, 2024)............................. 4, 11, 14

*Kyriakopoulos v. Maigetter*,
  121 F.4th 1017 (3d Cir. 2024) .................................................... 6, 18

*Milbert v. Bison Labs., Inc.*,
  260 F.2d 431 (3d Cir. 1958) ...............................................................6

*Moody v. NetChoice, LLC*,
  603 U.S. 707 (2024).........................................................................11

*Moore v. Sims,*
  442 U.S. 415 (1979)........................................................................16

*Pacific Employers Ins. Co. v. Global Reinsurance Corp. of Am.*,
  693 F.3d 417 (3d Cir. 2012) ...........................................................14

*Paul P. v. Farmer*,
  227 F.3d 98 (3d Cir. 2000) ..............................................................10

*Peavy v. WFAA-TV, Inc.*,
  221 F.3d 158 (5th Cir. 2000) .............................................................8

*Pennzoil Co. v. Texaco Inc.*,
  481 U.S. 1 (1987)............................................................................16

*Publius v. Boyer-Vine*,
  237 F.Supp.3d 997 (E.D. Cal. 2017) ...............................................10

*Reed v. Town of Gilbert*,
  576 U.S. 155 (2015)................................................................. 7, 8, 9

*Richmond Med. Ctr. for Women v. Herring*,
  570 F.3d 165 (4th Cir. 2009) ..........................................................15

*Romaine v. Kallinger*,
  537 A.2d 284 (N.J. 1988) ...............................................................13

*Schrader v. District Attorney of York County*,
  74 F.4th 120 (3d Cir. 2023) ............................................................8, 9

*Shalala v. Illinois Council on Long Term Care, Inc.*,
  529 U.S. 1 (2000).............................................................................9

*Sheehan v. Gregoire*,
  272 F.Supp.2d 1135 (W.D. Wash. 2003) ......................................10

*Sporck v. Peil*,
  759 F.2d 312 (3d Cir. 198) ..............................................................6

*State Auto Ins. Cos. v. Summy*,
  234 F.3d 131 (3d Cir. 2000) ..........................................................13

*Toffoloni v. LFP Publ'g Grp.*,
  573 F.3d 1201 (11th Cir. 2009) ......................................................4

*Trans Union Corp. v. FTC*, 267
  F.3d 1138 (D.C. Cir. 2001)............................................................11

*United States v. Bowers*,
  495 F.Supp.3d 362 (W.D. Pa. 2020) .............................................16

*Veilleux v. Nat'l Broadcasting Co.*,
  8 F. Supp. 2d 23 (D. Me. 1998) ......................................................4

*Vidal v. Elster*,
  602 U.S. 286 (2024).........................................................................9

*Virgil v. Time, Inc.*,
  527 F.2d 1122 (9th Cir. 1975) ........................................................4

*Yamaha Motor Corp., U.S.A. v. Calhoun*,
  516 U.S. 199 (1996)......................................................................17

**Statutes**

28 U.S.C. § 1292(b) ........................................................... 1, 5, 7, 13

42 Pa. Cons. Stat. § 6308 ...................................................................8

Fla. Stat. § 794.03 (1987).................................................................8

N.J. Stat. Ann. § 56:8-116.1(b)-(d) ................................................................2

N.J. Stat. Ann. § 56:8-166.1(a) .......................................................................2

N.J. Stat. Ann. § 56:8-166.1(d) .......................................................................2

**Rules**

Fed. R. Civ. P. 12(b)(6) ...................................................................................3

Fed. R. Civ. P. 54(a) .......................................................................................5

## **INTRODUCTION**

Defendants are seeking interlocutory review pursuant to 28 U.S.C. § 1292(b) of the November 26, 2024 order of the United States District Court for the District of New Jersey (Bartle, J.) ("Order") holding that Daniel's Law is not facially unconstitutional under the First Amendment. The main Petition joined by all Defendants ("Joint Petition") seeks review of First Amendment and statutory-interpretation questions raised by the Order. A second petition, filed by Delvepoint, LLC ("Delvepoint Petition"), seeks review of a separate challenge it raised under the Due Process Clause of the Fourteenth Amendment.

Plaintiffs provide this Answer to Defendants' Petitions to aid this Court in determining whether interlocutory review of the District Court's Order pursuant to the Joint Petition is appropriate. In principle, Plaintiffs have no issue with this Court's review of the First Amendment issues raised by the Order, which correctly applies settled legal principles to uphold Daniel's Law against a meritless broadside attack. But as detailed below, there are serious questions about timeliness and necessity that suggest that the Court should not grant interlocutory review of the Order. The Delvepoint Petition, on the other hand, plainly does not merit interlocutory review, because it raises due-process questions that were not even addressed in the Order and is frivolous on the merits. If the Court determines that it should grant review of either Petition, however, Plaintiffs respectfully request that

the Court adopt an expedited briefing and argument schedule to ensure that interlocutory review does not prevent these cases from progressing on the merits.

## BACKGROUND

These suits arise under a provision of Daniel's Law, a New Jersey statute enacted in response to the tragic murder of Daniel Anderl, the son of District Judge Esther Salas. Under Daniel's Law, judges, prosecutors, law-enforcement officers, and their immediate family members ("covered persons") may request that persons and businesses not disclose their home addresses or unlisted telephone numbers. N.J. Stat. Ann. § 56:8-166.1(a)(2), (d). A disclosure violates the statute if it is not removed within ten business days after receipt of a written nondisclosure request from the covered person. N.J. Stat. Ann. § 56:8-166.1(a). Daniel's Law provides a private right of action for damages and injunctive relief. N.J. Stat. Ann. § 56:8-116.1(b)-(d). Plaintiff Atlas Data Privacy Corporation ("Atlas")[1] as assignee of covered persons and several individual plaintiffs who are covered persons

---

[1] Atlas provides a platform for the assertion and enforcement of rights under Daniel's Law. When covered persons sign up to use Atlas's platform, Atlas provides a list of data brokers who may be disclosing their home addresses and unlisted home telephone numbers and template language for nondisclosure requests. Covered persons can then choose to send nondisclosure requests to all, some, or none of the data brokers on the list. Atlas delivers the nondisclosure requests and then monitors certain data-broker recipients to determine whether they have complied and ceased disclosure of protected information. Covered persons who sign up for Atlas's platform agree to assign their claims under Daniel's Law to Atlas upon written notice.

(collectively, "Plaintiffs") filed suit against Defendants for violations of Daniel's Law in over 150 separate lawsuits in New Jersey Superior Court. Defendants removed 79 of these actions to federal court, of which 39 have been remanded to state court for lack of diversity jurisdiction, leaving 40 suits in federal court.

Defendants moved to dismiss the Complaints pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Daniel's Law is facially unconstitutional under the First Amendment because it is a content-based restriction on speech and cannot satisfy strict scrutiny. The district court denied the motion, ruling that Daniel's Law is facially constitutional under the test for privacy statutes articulated by the Supreme Court in *Florida Star v. B.J.F.*, 491 U.S. 524, 533 (1989). *Florida Star* held that if a party "lawfully obtains truthful information about a matter of public significance then state officials may not constitutionally punish publication of the information, absent a state interest of the highest order." 491 U.S. at 533. The *Florida Star* test involves two steps. To begin with, there is a threshold inquiry into whether the private information disclosed was "truthful and lawfully obtained" and concerns "a matter of public significance." *Bowley v. City of Uniontown Police Dep't*, 404 F.3d 783, 787 (3d Cir. 2005). If the information was "truthful, lawfully obtained, and concerning a matter of public significance," the Court must apply a case-specific form of strict scrutiny, which considers whether "the imposition of liability is narrowly tailored to serve an interest of the highest order." *Id.* at 788. If

the disclosure does not concern a matter of public concern, however, the First

Amendment defense fails, and liability may be imposed.[2]

The district court held that the *Florida Star* test applied to Defendants' facial

challenge because Daniel's Law is "part of the long history of common law torts and

statutes whose purpose is to afford redress to persons whose privacy is invaded from

disclosure of personal information, albeit truthful, that is not of public interest."

Order at 24. As the court explained, Third Circuit precedent has long recognized that

"home addresses" are "private information," and the disclosure of a person's address

without their consent can qualify as "a 'clearly unwarranted invasion of privacy.'"

Order at 24 (quoting *Paul P. v. Farmer*, 227 F.3d 98, 101 (3d Cir. 2000)). Because

Daniel's Law is designed to protect that privacy interest, the court concluded that

the statute should be analyzed under the framework the Supreme Court has devised

---

[2] *See, e.g., Bowley*, 404 F.3d at 786-87; *Gilbert v. Med. Econ. Co.*, 665 F.2d 305, 308 (10th Cir. 1981) ("[D]issemination of non-newsworthy private facts is not protected by the first amendment."); *Toffoloni v. LFP Publ'g Grp.*, 573 F.3d 1201, 1212 (11th Cir. 2009); *Anderson v. Suiters*, 499 F.3d 1228, 1235-36 (10th Cir. 2007); *Campbell v. Seabury Press*, 614 F.2d 395, 397 (5th Cir. 1980); *Virgil v. Time, Inc.*, 527 F.2d 1122, 1128 (9th Cir. 1975); *Doe v. Netflix, Inc.*, 2023 WL 3848379, at *6 (S.D. Ind. June 6, 2023); *Demarest v. Athol/Orange Community Television, Inc.*, 188 F. Supp. 2d 82, 94 (D. Mass. 2002); *Veilleux v. Nat'l Broadcasting Co.*, 8 F. Supp. 2d 23, 40 n.8 (D. Me. 1998); *Kratovil v. City of New Brunswick*, 2024 WL 1826867, at *4 to *5 (N.J. App. Div. Apr. 26, 2024) (rejecting First Amendment challenge to Daniel's Law).

to address "the tension that exists between privacy law and the right to freedom of speech" reflected in *Florida Star* and similar cases. Order at 26.

The district court held that Daniel's Law is constitutional at both steps of the *Florida Star* inquiry. At the first step, the court concluded "home addresses and unpublished phone numbers are not matters of public significance." Order at 28. As the court explained, "Daniel's Law does not inhibit in any meaningful way the public's knowledge of public officials or its ability to hold them accountable," and in the few cases in which the address or phone number of a covered person "may be newsworthy and thus of public significance," the appropriate remedy is an as-applied challenge. Order at 28-29. The district court could have stopped there, and simply held that Defendants' facial challenge failed because Daniel's Law does not regulate speech on a matter of public concern in the overwhelming majority of its applications.  The court, however, further proceeded to analyze the second step of the *Florida Star* test in detail, concluding that Daniel's Law is narrowly tailored "to further a state interest of the highest order." Order at 29-40.

## STANDARD OF REVIEW

Ordinarily, only final decisions of a federal district court are reviewable on appeal. *See* 28 U.S.C. § 1291.  There is an exception for jurisdiction over review of interlocutory decisions under 28 U.S.C. § 1292(b) if the district court finds and petitioner establishes that (1) the order "involved a controlling question of law"; (2)

there is "substantial ground for difference of opinion on that question of law"; and (3) "an immediate appeal from the order may materially advance the resolution of the litigation." *Kyriakopoulos v. Maigetter*, 121 F.4th 1017, 1020 (3d Cir. 2024). Although the district court found that these criteria were satisfied when it certified its Order in these cases, appellate courts must independently assess whether these criteria are satisfied. *Milbert v. Bison Labs., Inc.*, 260 F.2d 431, 433 (3d Cir. 1958) (en banc). And in any case, interlocutory review under Section 1292(b) "is not mandatory," and "permission to appeal is wholly within the discretion of the courts, even if the criteria are present." *Bachowski v. Usery*, 545 F.2d 363, 368 (3d Cir. 1976). Section 1292(b) should be sparingly applied, and "'is to be used only in exceptional cases where an intermediate appeal may avoid protracted and expensive litigation.'" *Sporck v. Peil*, 759 F.2d 312, 314-15 n.4 (3d Cir. 198) (quoting *Milbert*, 260 F.2d at 433).

## ARGUMENT

### I.     Interlocutory Review of the Joint Petition May Be Unwarranted

#### A. The First Amendment Question Posed by the Joint Petition Is Neither Controlling Nor Open to Differences of Opinion

The First Amendment question raised by the Joint Petition—whether the district court should have applied conventional strict scrutiny instead of the framework employed in *Florida Star*, *see* Pet. at 8—may well not merit interlocutory review. To begin with, whether *Florida Star* provides the applicable test is not a

controlling question of law. A controlling question of law for Section 1292(b) certification includes "every order which, if erroneous, would be reversible error on final appeal." *Katz v. Carte Blanche Corp.*, 496 F.2d 747 at 755 (3d Cir. 1974). But even if strict scrutiny were applicable here, Daniel's Law satisfies that test for the same reasons the district court identified in holding that it satisfies *Florida Star*. Courts uphold a statute under strict scrutiny if it "furthers a compelling governmental interest and is narrowly tailored to that end." *Reed v. Town of Gilbert*, 576 U.S. 155, 171 (2015). This test is very similar to the second step of the *Florida Star* analysis, which requires the court to examine whether "the imposition of liability is narrowly tailored to serve an interest of the highest order." *Bowley v. City of Uniontown Police Dep't*, 404 F.3d 787, 788 (3d Cir. 2005). Here, the district court examined the second step of the *Florida Star* test and held that the statute is narrowly tailored. *See* Order at 29-39. Thus, whether *Florida Star* provides the test in this case is not a controlling question for purposes of Section 1292(b). Even if the district court erred in applying the *Florida Star* framework, this Court can affirm based on the district court's analysis establishing that Daniel's Law is narrowly tailored to serve a state interest of the highest order.[3]

---

[3] Moreover, even if this Court were to hold that *Florida Star* does not apply, it would still need to examine Plaintiffs' arguments that intermediate scrutiny applies to Daniel's Law because it has no conceivable nexus with viewpoint discrimination, is not content based, regulates commercial speech in most of its applications, and does

Nor is there a substantial ground for difference of opinion on which test applies here. Defendants argue that the district court should have applied strict scrutiny under *Reed v. Town of Gilbert*, 576 U.S. 166 (2015), because Daniel's Law is content based. Joint Pet. at 11-12. But *Florida Star*'s framework applies regardless of whether a privacy statute is content based. *Florida Star* itself declined to apply conventional strict scrutiny to a statute that prohibited unauthorized disclosure of "the name, address, or other identifying fact or information" about the "victim of any sexual offense." 491 U.S. at 526 n.1 (quoting Fla. Stat. § 794.03 (1987)). In *Bowley*, this Court applied *Florida Star* to a statute prohibiting disclosure of "[t]he contents of law enforcement records … concerning a child." 404 F.3d at 786 n.3 (3d Cir. 2005) (citing 42 Pa. Cons. Stat. § 6308); *see also Peavy v. WFAA-TV, Inc.*, 221 F.3d 158, 189 (5th Cir. 2000) ("[T]he Court did not rely on the content-based nature of the statutes.").

Defendants note that *Schrader v. District Attorney of York County*, 74 F.4th 120 (3d Cir. 2023), stated in dicta that it was unclear whether *Reed* or *Florida Star* should apply to a privacy statute, and thus applied both tests. Joint Pet. at 11-12. As noted, the district court did essentially the same thing here in applying both steps of the *Florida Star* test, so it is unclear that this case presents an opportunity to resolve

---

not regulate speech in all applications. *See* Plaintiffs' Memorandum of Law in Opposition to Defendants' Consolidated Motion to Dismiss Plaintiffs' Complaint, No. 1:24-cv-04105-HB, ECF 49, at 8-13 & 22-26.

the question left open in *Schrader*. *Supra* at 7. But in any event, the Supreme Court does not "overturn" or "dramatically limit[] earlier authority *sub silentio*." *Shalala v. Illinois Council on Long Term Care, Inc.*, 529 U.S. 1, 18 (2000). *Schrader* was handed down in the wake of *Reed*, when it was unclear whether the Supreme Court would ultimately hold that *all* content-based statutes are automatically subject to strict scrutiny. But nothing in subsequent Supreme Court precedent has called into question *Florida Star*. Indeed, the Court has clarified that *Reed* did not require application of strict scrutiny to all content-based statutes. *See Vidal v. Elster*, 602 U.S. 286, 288 (2024) (holding that content-based restriction was not subject to strict scrutiny because it had a "longstanding coexistence" with the First Amendment).

Apart from this argument, Defendants offer nothing more than disagreement with the district court's application of *Florida Star*. But the fact that "settled law might be applied differently" is insufficient to show a substantial ground for difference of opinion. *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). A party seeking to pursue an interlocutory appeal must show that "other courts have substantially differed in applying the standard." *Harter v. GAF Corp.*, 150 F.R.D. 502, 518 (D.N.J.1993). Defendants' arguments do not fit the bill. Defendants argue that *Florida Star* does not apply to Daniel's Law because the statute does not protect a privacy interest. Joint Pet. 13-15. But Defendants do not cite any caselaw rejecting the application of that standard to a similar statute, and this Court has long held that

all persons have a privacy interest in their home addresses. *See, e.g.*, *Paul P. v. Farmer*, 227 F.3d 98, 101 (3d Cir. 2000). Defendants also argue that the district court misapplied *Florida Star* in focusing on whether Daniel's Law is underinclusive. Joint Pet. at 16-17. But the district court's opinion makes clear that the court considered and rejected Defendants' arguments that the statute is overinclusive as well. Order at 33-34.

Defendants also cite cases holding that speech involving addresses or similar qualified as speech on a matter of public concern. But Defendants' cases involved as-applied challenges in unusual circumstances where addresses, phone numbers, or similar information was integral to a speaker's political message, rather than the situation here where data brokers, for commercial gain, are disclosing addresses and phone numbers of judges and law-enforcement officers. *See Publius v. Boyer-Vine*, 237 F.Supp.3d 997, 1016 (E.D. Cal. 2017) (statute prohibiting posting of legislators' names and addresses was unconstitutional as applied to blog post protesting their votes in support of a public database of gun owners); *Brayshaw v. City of Tallahassee*, 709 F.Supp.2d 1244, 1249 (N.D. Fla. 2010) (forum post about a particular officer was speech on a matter of public concern); *Sheehan v. Gregoire*, 272 F.Supp.2d 1135, 1139 n.2 (W.D. Wash. 2003) (blog on "criminal history of

individual officers" and "serving process or subpoenas on officers" concerned "a subject of legitimate public interest").

Defendants have never disputed that, in the overwhelming majority of cases, disclosures of "names" and "addresses" do not concern any "'public issue.'" *Trans Union Corp. v. FTC*, 267 F.3d 1138, 1140 (D.C. Cir. 2001) (quoting *Dun & Bradstreet, Inc. v. Greenmoss*, 472 U.S. 749, 762 (1985)). This is fatal to their First Amendment defense. Disclosures of private facts that do not concern a matter of public significance are not entitled to First Amendment protection, *see supra* at 4 n.2, and a facial challenge requires proof that a statute's "unconstitutional applications substantially outweigh its constitutional ones." *Moody v. NetChoice, LLC*, 603 U.S. 707, 724 (2024); *see also id.* at 744 (party raising facial challenge has the "burden" to establish unconstitutional applications outweigh constitutional applications). As the district court explained, if cases arise in which "the home address or the unlisted phone number of a covered person may be newsworthy and thus of public significance," defendants can "challenge Daniel's [L]aw as unconstitutional as applied" to those circumstances. Order at 29; *see also Kratovil*, No. A-0216-23, 2024 WL 1826867 (holding addresses and phone numbers were not

speech on a matter of public concern in an as-applied challenge brought by a reporter).

### B. There May Be No Need for Interlocutory Review of the District Court's Interpretation of the Standard of Liability under Daniel's Law

Defendants also argue that interlocutory review is necessary to determine whether Daniel's Law requires proof of negligence, as the district court held, or is instead a strict-liability statute. Joint Pet. at 18-22. But Defendants offer no serious argument that the district court was wrong in its prediction of what standard of liability New Jersey would apply under Daniel's Law. "Daniel's Law does not state explicitly what standard of liability applies," Order at 37-38, but under New Jersey law, when "[a] literal reading" of a statute "does not provide a definitive answer," courts must rely on "common law analogues" to arrive at the correct "interpretation of the statute." *Evans-Aristocrat Indus., Inc. v. Newark*, 75 N.J. 84, 95 (1977); *see also G.D. v. Kenny*, 15 A.3d 300, 314 (N.J. 2011) (rejecting a "literal and overly broad" reading of a privacy statute in favor of a common-law interpretation). As the district court held, the tort created by Daniel's Law is "analogous to the common law tort of invasion of privacy" by disclosure, which requires "'the unreasonable publication of private facts.'" Order at 38-39 (quoting *Romaine v. Kallinger*, 537

A.2d 284, 291-92 (N.J. 1988)).[4] "This is a negligence test," and "[t]here is no reason to think that the New Jersey Supreme Court would not apply the same test" in interpreting Daniel's Law. Order at 39.

Even if the standard of liability under Daniel's Law were seriously in doubt, questions of state law generally do not justify interlocutory review under Section 1292(b). *See, e.g.*, *Hulmes v. Honda Motor Co., Ltd.*, 936 F.Supp. 195, 210-11 (D.N.J. 1996) ("[I]t is improper to certify a question of state law…for interlocutory review."). Federal courts "do not establish state law, but are limited to predicting it," *State Auto Ins. Cos. v. Summy*, 234 F.3d 131, 135 (3d Cir. 2000); *see also Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938); *Adams v. Cuyler*, 592 F.2d 720, 725 (3d Cir. 1979) ("[A] state's interpretation of its own statute is binding on the federal courts."). As such, it is "counterproductive" for federal courts to decide "unsettled questions of state law, questions which might otherwise be candidates for certification to the state's highest court. Such matters should proceed in normal fashion through the state court system." *Summy*, 234 F.3d at 135. Indeed, granting interlocutory review when disputed questions of state law exist can result in a long, drawn-out process in

---

[4]  Below, Plaintiffs also argued that the tort created by Daniel's Law is analogous to the "intrusion upon seclusion" and "misappropriation of name and likeness" torts recognized by New Jersey law. Like the tort of publication of private facts to which the district court compared Daniel's Law, none of these privacy torts impose liability on a *per se* or no-fault standard. *See generally Bisbee v. John C. Conover Agency, Inc.*, 452 A.2d 689 (N.J. 1982).

which the federal court of appeals has to certify a question to the state's court of last resort before it can definitively resolve the issues presented by the interlocutory appeal. *See, e.g.*, *McMillan v. Amazon.com, Inc.*, 983 F.3d 194, 203 (5th Cir. 2020) (certifying question to Texas Supreme Court after granting interlocutory review under Section 1292(b)).

Here, dozens of cases brought by Plaintiffs are currently proceeding in New Jersey state courts, *see, e.g.*, *Atlas Data Privacy Corp., v. Information.com LLC*, No. MRSL-000245-24 (N.J. Super. Ct. Law Div.), and the New Jersey Supreme Court recently accepted review of a First Amendment challenge to Daniel's Law. *Kratovil v. City of New Brunswick*, 258 N.J. 468 (N.J. Sep 20, 2024). By contrast, only 39 of the Daniel's Law cases brought by Plaintiffs remain in federal court, and all of those cases are before Judge Bartle. The State court cases will produce answers that federal courts must treat as binding on the state law question of the standard of liability. *See, e.g., Pacific Employers Ins. Co. v. Global Reinsurance Corp. of Am.*, 693 F.3d 417, 433 (3d Cir. 2012). Given the ongoing proceedings in the New Jersey courts, including in the Supreme Court, there appears to be little or no need for interlocutory review of this issue.

### C. Interlocutory Review Would Not Materially Advance these Cases

Defendants contend that interlocutory review would advance the termination of these cases because this Court might conclude that Daniel's Law is facially

14

unconstitutional. Joint Pet. at 22. But as explained, Defendants' chances of success on that issue are vanishingly low. And if this Court affirms, interlocutory review would have wasted time and resources, all the while delaying covered persons' ability to protect themselves from the risks created by Defendants' unlawful disclosure of their addresses and phone numbers. As is, the contact information of the individual Plaintiffs and the covered persons for whom Atlas brought suit remains readily available on a number of Defendants' websites, which exposes all of them to the risk of a repeat of the tragedy that led to the death of Daniel Anderl.

Defendants assert that even if this Court rejects their facial challenge on interlocutory review, "that decision would provide guidance that would sharpen, streamline, and expedite resolution" of their "as-applied challenges" and "other disputed issues." Joint Pet. at 23. But the prospect that Defendants will raise further as-applied challenges does not favor immediate review—rather, it suggests that the Court should defer review until Defendants have raised those challenges in district court, so the Court can consider all of Defendants' arguments in a single appeal and upon a fully-developed factual record. *Henry v. Lake Charles Am. Press, LLC*, 566 F.3d 164, 170-71 (5th Cir.2009) (Section 1291 reflects "a firm congressional policy against … 'piecemeal' appeals." (quoting *Abney v. United States*, 431 U.S. 651, 656 (1977)); *Richmond Med. Ctr. for Women v. Herring*, 570 F.3d 165, 172 (4th Cir. 2009) (en banc) (An as-applied challenge is "based on a developed factual record

and the application of a statute to a specific person[.]"); *United States v. Bowers*, 495 F.Supp.3d 362, 373 (W.D. Pa. 2020) (An "as-applied challenge requires consideration of a developed factual record and the application of the statute to those facts.").

Defendants argue that interlocutory review "might also aid the resolution of the more than 100 similar cases pending in New Jersey state courts." Joint Pet. at 23. But a "federal court's interpretation of state law ''is not binding on state courts and may be discredited at any time—thus essentially rendering the federal-court decision advisory and the litigation underlying it meaningless.''" *Health Net, Inc. v. Wooley*, 534 F.3d 487, 495 (5th Cir. 2008) (quoting *Pennzoil Co. v. Texaco Inc.*, 481 U.S. 1, 11 (1987) (quoting *Moore v. Sims,* 442 U.S. 415, 428 (1979)). Lower federal courts cannot "subject state judicial decisions to direct review," and opinions from federal courts other than the Supreme Court are not binding on state courts. *Evans v. Thompson*, 518 F.3d 1, 5 (1st Cir. 2008); *see also Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 509, 518 (1970); *Dewey v. R.J. Reynolds Tobacco Co.*, 577 A.2d 1239, 1244 (N.J. 1990) ("Decisions of a lower federal court are no more binding on a state court than they are on a federal court not beneath it in the judicial hierarchy," although such decisions "should be accorded due respect."). Thus, it is uncertain how a decision from this Court would affect the New Jersey

courts' consideration of these issues, since any decision on state or federal issues would be effectively advisory.

## II.    Delvepoint's Petition Does Not Merit Interlocutory Review

Delvepoint's separate petition requests review of its Fourteenth Amendment due process challenge to Daniel's Law. But the district court's Order only addressed facial *First Amendment* challenges to Daniel's Law. Thus, Delvepoint's due-process challenge is not "fairly included"—or included at all—within the Order under consideration, which means that this Court has no jurisdiction under Section 1292(b) to consider it. *Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199, 205 (1996).

In any event, Delvepoint's due-process argument borders is frivolous. Delvepoint contends that Daniel's Law violates the Due Process Clause because it allows covered persons to request removal of their contact information without going through a "verification" process in which a state official would determine that they are a covered person under Daniel's Law. Delvepoint Pet. at 11. But Delvepoint cites no authority whatever which even suggests that due process requires such a "verification mechanism." In all areas of the law, plaintiffs routinely assert legal rights without first asking government officials for "verification" of their standing. For example, plaintiffs can demand that trespassers leave their land—and sue for an injunction—without obtaining verification that they own the property. *See, e.g.*, *Boring v. Google Inc.*, 362 F. App'x 273, 280 (3d Cir. 2010) (reversing dismissal of

common-law trespass claim without examining verification). There is no reason, and Delvepoint offers none, why the Constitution would require any different process for suits under Daniel's Law.

Moreover, the law affords other obvious ways that protect defendants from claims by persons not covered by Daniel's Law. Most obviously, as in the trespass example, lack of standing as a "covered person" is an affirmative defense that will lead to quick termination, with the potential for sanctions, in frivolous enforcement actions. In extreme cases, the abuse-of-process tort protects defendants from non-covered persons who might knowingly file frivolous suits. *See, e.g.*, *Davis v. Fein Such Kahn & Shepard PC*, 2020 WL 3481782, at *8 (D.N.J. June 25, 2020). Due process requires nothing more than these sorts of mechanisms to discourage abusive litigation. Accordingly, Delvepoint's Petition fails to raise any "substantial ground for difference of opinion," nor would interlocutory review "materially advance the resolution of the litigation." *Kyriakopoulos*, 121 F.4th at 1020.

## III.   The Court Should Adopt An Expedited Briefing and Argument Schedule If Interlocutory Review Is Granted

If the Court grants interlocutory review, Plaintiffs respectfully request pursuant to Federal Rule of Appellate Procedure 27 and Local Rule 4.1 that the Court set an expedited briefing and argument schedule. These cases are currently stayed pending the outcome of interlocutory review, and if the Court grants plenary review of the Order, that process will take months (or longer). In the interim, covered

persons will be exposed to the risks attendant to Defendants' disclosure of their

contact information. Moreover, while any interlocutory review is ongoing in this

Court, discovery will continue in the dozen of cases in New Jersey courts. *See, e.g.,*

*Atlas Data Privacy Corp., v. Information.com LLC*, No. MRSL-000245-24 (N.J.

Super. Ct. Law Div.). Thus, staying discovery in federal court will not serve any real

purpose, since largely the same discovery will continue in state court. Plaintiffs will

file a motion formally requesting expedited briefing and argument and outlining a

proposed schedule after conferring with Defendants if this Court grants review.

## CONCLUSION

For the foregoing reasons, interlocutory review of the Joint Petitions may be

unwarranted, and review of Delvepoint's Petition should be denied.

Dated:  December 23, 2024                   Respectfully submitted,

**BOIES SCHILLER FLEXNER LLP**

By: s/ *Adam R. Shaw*
   Adam R. Shaw
   30 South Pearl Street, 12th Floor
   Albany, NY 12207
   Tel: (518) 434-0600
   ashaw@bsfllp.com

   Mark C. Mao
   44 Montgomery St., 41st Floor
   San Francisco, CA 94104
   Tel.: (415) 293-6800
   mmao@bsfllp.com

Eric M. Palmer
401 E. Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Tel: (954) 377-4250
epalmer@bsfllp.com

Samantha Parrish
2029 Century Park East, Suite 1520
Los Angeles, CA 90067
Tel.: (213) 629-9040
sparrish@bsfllp.com

**PEM LAW LLP**
Rajiv D. Parikh
Kathleen Barnett Einhorn
Jessica A. Merejo
One Boland Drive, Suite 101
West Orange, New Jersey 07052
Tel: (973) 577-5500
rparikh@pemlawfirm.com
keinhorn@pemlawfirm.com
jmerejo@pemlawfirm.com

**MORGAN & MORGAN COMPLEX LITIGATION GROUP**
John A. Yanchunis (application for admission to be filed)
Ryan J. McGee (application for admission to be filed)
201 North Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@ForThePeople.com
rmcgee@ForThePeople.com

*Attorneys for Plaintiffs-Respondents*

## <u>CERTIFICATE OF COMPLIANCE</u>

1.     This petition complies with the type-volume limitations of Federal Rule of Appellate Procedure 5(c)(1) because this petition contains 4,625 words, excluding the part of the petition exempted by Federal Rules of Appellate Procedure 5(b)(1)(E) and 32(a)(7)(B)(iii).

2.     This petition complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this petition has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

3.     I certify pursuant to Third Circuit Local Appellate Rules 28.3(d) and 46.1(e) that I am a member of good standing of the Bar of this Court.

4.     I certify pursuant to Third Circuit Local Appellate Rule 31.1(c) that the text of the brief filed electronically is identical to the text in the paper copies of the brief, and that electronic versions of the brief filed on ECF were virus checked using Crowdstrike Falcon, Version 7.17.18721.0 (last update 11/20/2024 at 9:32PM PST) and no virus was detected.

Dated:  December 23, 2024        */s/ Adam R. Shaw*
                             Adam R. Shaw

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Third Circuit by using the appellate CM/ECF system on December 23, 2024.

I further certify that copies of the foregoing were transmitted to all counsel of record via commercial carrier for overnight delivery.

Dated:  12/23/2024                          */s/ Adam R. Shaw*
                                            Adam R. Shaw